JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT B. KAPLAN (Bar No. 76950); rbk@jmbm.com
WALTER W. GOULDSBURY III, (Bar No. 240230); wwg@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:     (415) 398-5584

Attorneys for Creditor ORIX CAPITAL MARKETS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re:

JOHN FREDERICK DIXON,

Debtor.

CASE NO. 09-11851

Chapter 11

Date:       October 2, 2009
Time:      10:00 a.m.
Place:      Courtroom of the Honorable
              Alan Jaroslovsky
              99 South E Street
              Santa Rosa, California

## AMENDED OBJECTION BY ORIX CAPITAL MARKETS, LLC TO CLAIMS OF EXEMPTION OF DEBTOR

### INTRODUCTION

ORIX Capital Markets, LLC ("ORIX"), by and through its counsel, hereby files this Amended Objection to Claims of Exemption of Debtor John Frederick Dixon ("Debtor") on the basis that Debtor has filed its Schedule C-Property Claimed As Exempt claiming a total aggregate exemption in two separate IRA Accounts (as defined below) in excess of $1,117,375 pursuant to 11 U.S.C. Section 522 (b)(3)(c). As a result, 11 U.S.C. Section 522 (n) applies and the total amount of exemptions allowed to be claimed by Debtor in the IRA Accounts is capped at $1,095,000.

Therefore, Debtor has exceeded the statutory limit by an amount in excess of $22,000 based on his claimed exemptions in the IRA Accounts and these exemptions must be denied or Debtor must be required to file an Amended Schedule C. Moreover, ORIX reserves the right to conduct discovery as to whether all applicable Internal Revenue Code provisions have been complied with in connection with the IRA Accounts to allow the Debtor to assert his exemptions pursuant to 11 U.S.C. Section 522 (b)(3)(c).

## STATEMENT OF FACTS

On June 19, 2009, Debtor filed his Chapter 11 Voluntary Petition commencing the above-referenced bankruptcy case ("Bankruptcy Case").

Thereafter, on June 26, 2009, Debtor filed in his Bankruptcy Case, inter alia, his Schedule C-Property Claimed as Exempt ("Schedule C"), a true and correct copy of which is attached hereto as Exhibit A. Pursuant to Schedule C, Debtor claimed exemptions in an IRA Rollover Account #2873-2979 with Charles Schwab & Co. and IRA Account #005331770002 with FiServe Investment Services (collectively, the "IRA Accounts") in the amounts of $1,093,490 and $23,885, respectively.

In support of his claims of exemption in the IRA Accounts, Debtor cites 11 U.S.C. Section 522 (b)(3)(C). On July 31, 2009, Debtor's 341 Meeting was held and concluded. Thus, the deadline for ORIX to file an objection to Debtor's claims of exemption pursuant to 11 U.S.C. Section 522 is August 31, 2009.

As a result, ORIX files this objection to preserve its rights pursuant to 11 U.S.C. Section 522 (l).

## ARGUMENT

Debtor cites 11 U.S.C. Section 522 (b)(3)(C) as the statutory basis for claiming an exemption in the IRA Accounts. As a result, 11 U.S.C. Section 522 (n) applies, which provides, in pertinent part, as follows:

> For assets in individual retirement accounts described in section 408 or 408A of the Internal Revenue Code of 1986, other than simplified employee pension under section 408 (k) of such Code or a simple retirement account under section 408 (p) of such Code, **the aggregate value of such assets exempted under this section . . . shall not**

**exceed $1,095,000** in a case filed by a debtor who is an individual . . . (Emphasis added). 11 U.S.C. §522 (n).

As set forth above, the total aggregate amount Debtor is attempting to exempt between the two IRA Accounts is $1,117,375. This exceeds the statutory limit provided by 11 U.S.C. Section 522 (n) by an amount in excess of $22,000. Therefore, Debtor's exemptions in the IRA Accounts must be denied, or in the alternative, Debtor must be required to file an Amended Schedule C that reduces the amount of the claimed exemptions in the IRA Accounts within the statutory limits set forth in 11 U.S.C. Section 522 (n).

In addition, ORIX also reserves the right to conduct discovery as to the IRA Accounts in connection with this Amended Objection and require that Debtor demonstrate that all applicable Internal Revenue Code provisions, including but not limited to, Internal Revenue Code Sections 401, 408, 408A, 5414, 457 or 501 (a), and 7805 have been complied with for Debtor to qualify for an exemption pursuant to 11 U.S.C. Section 522 (b) (3) (C).

## **CONCLUSION**

Based on the foregoing, either Debtor's claimed exemptions for the IRA Accounts must be denied, or in the alternative, Debtor must be required to file an Amended Schedule C.

DATED: August 31, 2009

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT B. KAPLAN
WALTER W. GOULDSBURY III


By: /s/ Walter W. Gouldsbury III
    WALTER W. GOULDSBURY III
Attorneys for Creditor ORIX CAPITAL MARKETS, LLC

# EXHIBIT A

B6C (Official Form 6C) (12/07)

In re  John Frederick Dixon                                    Case No.  09-11851
                              Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  ■ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                    $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemp |
|---|---|---|---|
| **Real Property** <br> Residence <br> 300 Palm Avenue <br> Kentfield, CA | C.C.P. § 704.730 | 150,000.00 | 1,750,00 |
| **Household Goods and Furnishings** <br> Miscellaneous goods and furnishings located at 300 Palm Avenue <br> Kentfield, California | C.C.P. § 704.020 | 2,500.00 | 2,50 |
| **Wearing Apparel** <br> Miscellanous clothing | C.C.P. § 704.020 | 1,500.00 | 1,50 |
| **Interests in Insurance Policies** <br> United of Omaha Life Insurance #BU1225080 <br> (value of $21,134 on 5/28/2010) | C.C.P. § 704.100 | 21,134.00 | 21,13 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** <br> IRA Rollover Account #2873-2979 <br> Charles Schwab & Co. <br> 101 Montgomery Street <br> San Francisco, CA 94104 | 11 U.S.C. § 522(b)(3)(C) | 1,093,490.00 | 1,131,71 |
| IRA Account #005331770002 <br> FiServe Investment Services <br> 717 17th Street, Suite 1700 <br> Denver, CO 80217 | 11 U.S.C. § 522(b)(3)(C) | 23,885.00 | 32,52 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** <br> Monthly social security $1,865/mo. <br> (Not property of the estate) | 42 U.S.C.A. § 407 Not property of the estate | 1,865.00 | Unkn |
| **Automobiles, Trucks, Trailers, and Other Vehicles** <br> 2003 Acura 3.2CL | C.C.P. § 704.010 | 2,550.00 | 8,86 |
| **Office Equipment, Furnishings and Supplies** <br> Gateway FX530XG computer and fax/printer purchased in 2007 located at 300 Palm Avenue, Kentfield, CA | C.C.P. § 704.060 | 250.00 | 25 |
| Dell Latitude X200 Computer purchased in 2002 and located at 300 Palm Avenue, Kentfield, California | C.C.P. § 704.060 | 50.00 | 5 |

__1__ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                Best Case Ban

Case: 09-11851   Doc# 47   Filed: 08/28/09   Entered: 08/28/09 13:58:01   Page 5 of 6
Case: 09-11851   Doc# 49   Filed: 08/31/09   Entered: 08/31/09 16:16:10   Page 5 of 6

In re  John Frederick Dixon                                         Case No.  09-11851
                                       Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemp |
|---|---|---|---|
| Dell XPS410 computer and HP Laserjet 1520 printer purchased in 2007, Fujitsu scanner purchased in 2004, Canon B740 fax purchased in 2003, Konica 3135 photocpier purchased in 1995, typewriter, desk and 3 chairs, 3 file cabinets, credenza and 2 bookshevles all located at 851 Irwin Street, Suite 302, San Rafael, CA | C.C.P. § 704.060 | 3,500.00 | 3,50( |

Total: 1,300,724.00    2,952,04:

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt