UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN FREDERICK DIXON,   No. 09-11851

Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

Chapter 11 debtor John Dixon claimed two IRA accounts exempt, in the total amount of $1,117,375.00. Creditor ORIX Capital Markets, LLC objects, arguing that the maximum exemption is $1,095,000.00 pursuant to § 522(n) of the Bankruptcy Code.

Section 522(n) provides:

> For assets in individual retirement accounts described in section 408 or 408A of the Internal Revenue Code of 1986, other than a simplified employee pension under section 408(k) of such Code or a simple retirement account under section 408(p) of such Code, the aggregate value of such assets exempted under this section, **without regard to amounts attributable to rollover contributions under section 402(c), 402(e)(6), 403(a)(4), 403(a) (5), and 403(b)(8) of the Internal Revenue Code of 1986, and earnings thereon**, shall not exceed $1,095,000 in a case filed by a debtor who is an individual, except that such amount may be increased if the interests of justice so require. (Emphasis added.)

ORIX concedes that there are no factual disputes, and that most of the exempt accounts are attributable to rollover contributions. It argues only that the statute should be interpreted to create a maximum exemption of $1,095,000.00 in all cases. It argues that the provision in bold, being

1

ambiguous, should be disregarded.

While many of the provisions of the 2005 amendments to the Code are unclearly drafted, the court does not find this particular provision to be ambiguous. The court understands "without regard" to mean "without counting." As Dixon points out, the burden of persuasion is on the objecting party and exemption statutes are liberally interpreted in favor of the debtor.

Moreover, it is a basic rule of statutory construction that a statute should be construed so that effect is given to all its provisions, so that no part is inoperative or superfluous, void or insignificant. *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004) (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp.181-186 (rev. 6th ed.2000)). Interpreting the statute as ORIX urges would violate this rule.

For the foregoing reasons, the objection will be overruled. Counsel for Dixon shall submit an appropriate form of order.

Dated: December 18, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge