1

2

3

4

5

6

7        UNITED STATES BANKRUPTCY COURT

8        NORTHERN DISTRICT OF CALIFORNIA

9   In re

10  JOHN FREDERICK DIXON,                                        No. 09-11851

11                      Debtor(s).
    _____/

12
                    Memorandum on Application for Compensation
13                         _____

14        When an attorney is appointed by the court to represent an individual debtor in possession, the

15  actual client is the bankruptcy estate, not the individual. *In re Perez,* 30 F.3d 1209, 1219 (9th Cir.

16  1994).  The court there noted:

17          Counsel for the estate must keep firmly in mind that his client is the estate
            and not the debtor individually. . . . Under no circumstances . . . may the lawyer
18          for a bankruptcy estate pursue a course of action, unless . . .[the action] serves the
            best interests of the estate.
19

20        Counsel for this Chapter 11 estate, Wendel, Rosen, Black & Dean LLP, blatantly violated this

21  rule.  When a creditor objected to the debtor's claim of exemption of over $1 million in retirement

22  funds, Wendel Rosen defended the exemption and argued directly against the interests of the estate.

23  There can be no clearer conflict of interest.  Compounding the offense, Wendel Rosen now seeks

24  compensation for these services.

25        The court is usually fairly tolerant of Chapter 11 counsel assisting the debtor individually, so

26  long as compensation is not sought from the estate and so long as the actions taken by counsel are not

1

1  contrary to the interests of the estate.  However, in this case Wendel Rosen more than crossed the

2  line.  Counsel appears to have completely forgotten where its loyalties and responsibilities lie.

3      Where and attorney has undertaken representation of a conflicting interest without a written

4  waiver, all unpaid fees are subject to forfeiture.  *Blecher & Collins, P.C. v. Northwest Airlines, Inc.,*

5  858 F.Supp. 1442 (C.D.Cal. 1994).  However, forfeiture is not automatic; the court has some

6  discretion to forgive and forget.  *Mardirossian & Associates v. Ersoff,* 153 Cal.App.4th 257, 278

7  (2007).  *Only this discretion avoids a financial disaster of the first magnitude for Wendel Rosen.*

8      For the foregoing reasons, Wendel Rosen's fees will be reduced by $8,000.00, which is the

9  approximate amount Wendel Rosen billed for defending the claim of exemption.  Wendel Rosen may

10  not collect these fees from either the estate or the debtor or anyone else, directly or indirectly.  Any

11  attempt to be compensated for these services, and future action taken by Wendel Rosen against the

12  interests of the bankruptcy estate, will result in a complete forfeiture of all compensation in this case.

13      The court will enter an appropriate order.

14

15  Dated:  September 19, 2010

16

17      _____
        Alan Jaroslovsky
18      U.S. Bankruptcy Judge

19

20

21

22

23

24

25

26

2